IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: SHELLY D. OGILVIE  :  No. 3:15cv79
: 
: (Judge Munley)
: 
: (Bankruptcy Appeal)
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Debtor Shelly D. Ogilvie (hereinafter "Debtor") filed for Chapter 7 Bankruptcy protection with the United States Bankruptcy Court for the Middle District of Pennsylvania, which automatically stayed her state court mortgage foreclosure action.  After the United States Trustee abandoned debtor's real property from administration, the Bankruptcy Court lifted the automatic stay regarding debtor's real property allowing her mortgage foreclosure creditors to continue pursuing their foreclosure action.  Before the court is debtor's appeal of the Bankruptcy Court's order lifting the automatic stay.  (Doc. 1).  For the reasons that follow, the court will deny debtor's appeal.

**Background**

Debtor filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Middle District of Pennsylvania to protect her real property located at 108

West Taylor Street, Taylor, Pennsylvania from a pending state court mortgage foreclosure action. (Doc. 8, Bankr. Docket Entry 1). Pursuant to the Bankruptcy Code, the Bankruptcy Court appointed a Chapter 7 Trustee to review debtor's assets and liabilities. (Id. Entry 5).

During the pendency of debtor's bankruptcy case, her mortgage foreclosure creditors filed a motion seeking relief from the Bankruptcy Code's automatic stay under 11 U.S.C. § 362 (hereinafter "section 362"). (Id. Entry 16). Subsequent to the filing of the motion for relief from section 362's automatic stay, the Chapter 7 Trustee filed a report of no distribution, concluding debtor had no property to administer. (Id. Entry 21). Accordingly, Bankruptcy Judge Robert N. Opel II granted the mortgage foreclosure creditor's motion and lifted the automatic stay regarding debtor's real property. (Id. Entry 23). Debtor timely appealed Judge Opel's order lifting the stay on January 12, 2015 (Doc. 1) and filed a brief in support on March 16, 2015 (Doc. 7), bringing the appeal to its present posture.

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of

the bankruptcy courts.

**Legal Standard**

The district court reviews the Bankruptcy Court's decisions of law *de novo*. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The Bankruptcy Court's findings of fact will only be set aside if clearly erroneous. FED. R. BANKR. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

A review of the instant bankruptcy appeal establishes that it is without merit. Debtor appeals the Bankruptcy Court's order granting relief from section 362's automatic stay with respect to real property located at 108 West Taylor Street, Taylor, Pennsylvania. (Doc. 1). The Chapter 7 Trustee, however, abandoned debtor's real property from administration prior to the Bankruptcy Court granting relief from the automatic stay. By operation of law, abandoned property is no longer property of the bankruptcy estate. Fields v. Bleiman, 267 F. App'x 144, 164 (3d Cir. 2008) (citing Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002)). Nothing in the Bankruptcy Code prevents the

normal operation of state law as it relates to property held outside the bankruptcy estate.  11 U.S.C. § 522; Matter of Henry, 173 B.R. 878, 883 n.11 (D.N.J. 1993).  Accordingly, the Bankruptcy Court's order granting relief from the automatic stay is proper.

Debtor's appeal also requests the court rule on an adversary complaint she filed in her bankruptcy case regarding whether a servicing company properly assigned debtor's mortgage.  The court will not address debtor's adversary complaint for three reasons.

First, debtor's adversary complaint is separate and distinct from the Bankruptcy Court's order lifting section 362's automatic stay.  Second, debtor filed her adversary complaint **after** she filed the instant notice of appeal. Generally, when a party fails to raise an issue in the Bankruptcy Court, the issue is waived and may not be considered by the district court on appeal.[1]  In re Kaiser Grp. Int'l Inc., 399 F.3d 558, 565 (3d Cir. 2005); see also United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005) (noting that "[i]t is well settled that arguments asserted for the first time on appeal are deemed to be

---

[1] Subject matter jurisdiction and the appropriate evidentiary standard a Bankruptcy Court should apply are exceptions to this general rule.  In re Kaiser, 399 F.3d at 565; In re Graham, 973 F.2d 1089, 1100 (3d Cir. 1992).  Neither exception, however, is applicable in the instant matter.

waived and consequently are not susceptible to review in this Court absent exceptional circumstances"). As such, the court will not address debtor's adversary complaint because debtor failed to first present it to the Bankruptcy Court prior to filing the instant notice of appeal.

Finally, debtor's filings establish she is currently litigating her adversary complaint in the Bankruptcy Court. (See Doc. 5, Debtor's Adversary Compl. filed in the Bankr. Ct. on 1/12/15 at 33-58). Specifically, debtor filed an adversary complaint on January 12, 2015–the same day she filed the notice of appeal in this case. Debtor's adversary complaint asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. *et seq*., contending her mortgage company lacks the legal authority to continue mortgage foreclosure proceedings against her. The Bankruptcy Court, however, has not made findings of fact and conclusions of law regarding her adversary complaint, and we will not rule on these issues in the first instance.

**Conclusion**

For the above-stated reasons, we find that the Bankruptcy Court properly granted relief from section 362's automatic stay to debtor's mortgage foreclosure creditors. The Chapter 7 Trustee abandoned debtor's real property. As such, nothing in the Bankruptcy Code prevents the normal

operation of state law as it relates to property held outside the bankruptcy estate.[2]  An appropriate order follows.

Date:  03/23/2015                         s/ James M. Munley
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**

---

[2]  Debtor, however, may contact a free Pennsylvania Housing Finance Authority comprehensive housing counseling agency, such as Neighborworks of Northeastern Pennsylvania (570-558-2490) or United Neighborhood Centers of Northeastern PA (570-343-8835), to assist her in negotiating a settlement agreement with her lender.